UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

KATHLEEN M. LUCAS, et al.,

               Plaintiffs,

    v.

HERTZ CORPORATION,

               Defendant.

No. C 11-01581 LB

**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE COUNTERCLAIMS**

[Re: ECF No. 23]

## I. INTRODUCTION

Kathleen Lucas and Dan Martin (collectively, "Plaintiffs") filed the instant action against car rental company Hertz Corporation ("Hertz") in San Francisco County Superior Court on November 29, 2010. Notice of Removal, ECF No. 1 at 5-12 ("Complaint").[1] Hertz removed the action to this court on March 31, 2011. Notice of Removal, ECF No. 1. Hertz now moves for an order allowing it to file counterclaims against Mr. Martin for equitable indemnity, apportionment, and declaratory relief. Motion for Leave, ECF No. 23. For the reason explained below, the court GRANTS Hertz's motion.

## II. FACTS

Mr. Martin, who is a resident of the United States, rented a Daihatsu automobile from Costa Rica Rent a Car, a Hertz licensee, in Alajuela, Costa Rica on February 28, 2010. Complaint, ECF No. 1

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-01581

at 5-6, ¶¶ 3, 11; Motion to Compel, ECF No. 21 at 2; Opposition, ECF No. 28 at 7.[2] On March 6, 2010, Mr. Martin was driving the car to the home of the United States Ambassador to Costa Rica for a social function. Complaint, ECF No. 1 at 7, ¶ 12. Ms. Lucas, who also is a resident of the United States, was a passenger in the car. *Id*. After passing through the gate at the home, Mr. Martin was driving down a steep driveway leading to the house when the car unexpectedly began to accelerate. *Id*., ¶ 13. He depressed the clutch and the brake pedal, but the car did not stop. *Id*. The car crashed into a wall of the house, and Mr. Martin and Ms. Lucas were injured. *Id*., ¶ 14.

On November 29, 2010, Plaintiffs filed suit against Hertz in San Francisco County Superior Court, alleging causes of actions for strict liability and negligence. *Id*. at 5-12. In essence, Plaintiffs claim that Hertz placed the defective car into the stream of commerce and failed to properly maintain its safe condition. *See id*.

Hertz answered Plaintiffs' complaint on January 10, 2011. Answer, ECF No. 1 at 14-19. Hertz subsequently removed the case to this court. Notice of Removal, ECF No. 1. The court held an initial case management conference on August 25, 2011. 08/25/2011 Minute Order, ECF No. 16. In the case management scheduling order that followed, the court set a deadline of September 26, 2011 as the last day for seeking leave to add new parties or to amend the pleadings. 08/29/2011 Order, ECF No. 17 at 2.

Hertz now moves for leave to assert counterclaims against Mr. Martin. Motion for Leave, ECF No. 23. It wants to assert counterclaims for equitable indemnity, apportionment, and declaratory relief, based on a December 2008 injury Mr. Martin suffered to his one of the legs that he alleges was injured in the car accident on March 6, 2010. *See id*. Mr. Martin opposes the Hertz's motion. Opposition, ECF No. 27. The court heard oral argument from the parties on April 26, 2012.

///

---

[2] Plaintiffs' complaint alleges that Mr. Martin rented the car on March 6, 2010, but both Hertz's motion to compel arbitration and Mr. Martin's opposition to that motion state that he rented the car on February 28, 2010. *Compare* Complaint, ECF No. 1 at 5-6, ¶¶ 3, 11 *with* Motion to Compel, ECF No. 21 at 2 and Opposition to Motion to Compel, ECF No. 28 at 7. Documentation submitted by both Hertz and Mr. Martin also shows a rental date of February 28, 2010. *See* Martin Declaration, ECF No. 28-1, Ex. A; Calderon Declaration, ECF No. 31, Ex. A. As such, the court will proceed as if Mr. Martin rented the car on February 28, 2010.

C 11-01581

2

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 15(a) allows "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases," though, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

Rule 7, which sets forth the pleadings allowed in federal court, and Rule 13, which governs counterclaims and crossclaims, allow a defendant to bring a counterclaim against a plaintiff as part of the defendant's answer. *See* Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 13(a), (b). Rule 13 provides, subject to certain exceptions, that "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). In addition, "[a] pleading may state as a counterclaim against an opposing party any claim that is not compulsory. Fed. R. Civ. P. 13(b).

### IV. DISCUSSION

As described above, Hertz answered Plaintiffs' complaint on January 10, 2011, Answer, ECF No. 1 at 14-19, and the court later set a deadline of September 26, 2011 as the last day for seeking leave to amend the pleadings, 08/29/2011 Order, ECF No. 17 at 2. Hertz now moves for leave to amend its answer to assert counterclaims against Mr. Martin for equitable indemnity, apportionment, and declaratory relief. Motion for Leave, ECF No. 23. It suggests that these counterclaims are compulsory because they relate to Mr. Martin's injuries suffered on March 6, 2012 and would not require adding another party over whom the court cannot acquire jurisdiction. *See* Motion for Leave, ECF No. 23 at 2; *see also* Fed. R. Civ. P. 13(a)(1).[3]

---

[3] In its motion, Hertz correctly pointed out that courts are split about whether counterclaims for indemnification (and the like) are mature—and hence allowed under Rule 15—prior to the

Mr. Martin opposes Hertz motion only for a single reason. He suggests that Hertz knew about Mr. Martin's 2008 leg injury as early as March 23, 2011, when he responded to an interrogatory about his relevant injury history. Opposition, ECF No. 27 at 2. Thus, he argues that Hertz was not diligent in seeking to assert counterclaims related to his prior leg injury, and it missed the court's deadline to do so. *Id*. at 2-3. Hertz replies that, while it is true that Mr. Martin's interrogatory response mentions the prior injury, it did not receive Mr. Martin's medical records that are related to that injury from him until January 2012, and it suggests that asserting counterclaims before reviewing those records would not have been proper. Reply, ECF No. 29 at 2-3.

Given Rule 15's instruction that leave to amend be "freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), and the strong federal policy favoring determination of cases on the merits, *see Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989) (leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay), the court finds good cause to allow Hertz to amend its answer and assert its proposed counterclaims against Mr. Martin. Mr. Martin does not make any attempt to argue that allowing the amendment would prejudice him, nor does the court have any reason to believe that Hertz's counterclaims are sought in bad faith, are futile, or would cause undue delay.

### V. CONCLUSION

Based on the foregoing, the court GRANTS Hertz's motion for leave to file counterclaims against Mr. Martin. Hertz shall amend its answer to include its proposed counterclaims within 14 days from the date of this order.

---

underlying liability being determined. *Compare*, *e.g.*, *Stahl v. Ohio River Co.*, 424 F.2d 52, 55 (3d. Cir. 1970) ("A claim for contribution is not a matured claim as contemplated by Rule 13(e) because[, under Pennsylvania law,] such claim is contingent upon a verdict and judgment establishing liability of a party as a joint tortfeasor.") *with*, *e.g.*, *In re Oil Spill by Amoco Cadiz Off Coast of France on March 16, 1978*, 491 F. Supp. 161, 165 (N.D. Ill. 1979) (citations omitted) (noting that "the recent trend, and the more pragmatic approach, has been to permit counterclaims for contribution"). This court believes the "pragmatic approach" to be the better one because it facilitates the litigation of all of the claims arising from the same occurrences in the same lawsuit. *See* Wright, Miller & Kane, 6 Fed. Prac. & Proc. Civ. § 1411 (3d ed. 2010) (describing this approach as "sound when the counterclaim is based on pre-action events and only the right to relief depends on the outcome of the main action"). Mr. Martin, the court notes, did not oppose Hertz's motion on this ground.

1 **IT IS SO ORDERED.**

2 Dated: April 27, 2012



LAUREL BEELER
United States Magistrate Judge