UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| KATHLEEN M. LUCAS, et al.,<br><br>                Plaintiffs,<br>    v.<br>HERTZ CORPORATION,<br>                Defendant.<br>_____/ | No. C 11-01581 LB<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>[Re: ECF No. 21] |

## I. INTRODUCTION

Kathleen Lucas and Dan Martin (collectively, "Plaintiffs") filed the instant action against car rental company Hertz Corporation ("Hertz") in San Francisco County Superior Court on November 29, 2010. Notice of Removal, ECF No. 1 at 5-12 ("Complaint").[1] Hertz removed the action to this court on March 31, 2011. Notice of Removal, ECF No. 1. Hertz now moves for an order compelling Plaintiffs to arbitrate their claims pursuant to an arbitration agreement incorporated by reference into the car rental agreement that Mr. Martin signed. The court heard oral argument from the parties on April 26, 2012. For the reason explained below, the court DENIES WITHOUT PREJUDICE Hertz's motion.

///

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-01581
ORDER RE: DEF'S MOT. TO COMPEL

## II. FACTS AND DISCUSSION

Mr. Martin, who is a resident of the United States, rented a Daihatsu automobile from Costa Rica Rent a Car, a Hertz licensee, in Alajuela, Costa Rica on February 28, 2010. Complaint, ECF No. 1 at 5-6, ¶¶ 3, 11; Motion to Compel, ECF No. 21 at 2; Opposition, ECF No. 28 at 7.[2] On March 6, 2010, Mr. Martin was driving the car to the home of the United States Ambassador to Costa Rica for a social function. Complaint, ECF No. 1 at 7, ¶ 12. Ms. Lucas, who also is a resident of the United States, was a passenger in the car. *Id*. After passing through the gate at the home, Mr. Martin was driving down a steep driveway leading to the house when the car unexpectedly began to accelerate. *Id*., ¶ 13. He depressed the clutch and the brake pedal, but the car did not stop. *Id*. The car crashed into a wall of the house, and Mr. Martin and Ms. Lucas were injured. *Id*., ¶ 14.

On November 29, 2010, Plaintiffs filed suit against Hertz in San Francisco County Superior Court, alleging causes of actions for strict liability and negligence. *Id*. at 5-12. In essence, Plaintiffs claim that Hertz placed the defective car into the stream of commerce and failed to properly maintain its safe condition. *See id*.

Hertz now moves to compel Mr. Martin to arbitrate his claims. Motion to Compel, ECF No. 21. Hertz argues that the rental agreement that Mr. Martin signed when he rented the car on February 28, 2010 incorporated by reference an arbitration agreement that requires him to resolve his claims by conciliation and arbitration in accordance with the bylaws of the International Center for Conciliation and Arbitration of the Costa Rican-American Chamber of Commerce ("CICA"). *See id*.

The car rental agreement that Mr. Martin signed, which is roughly half a page long and which was submitted by both Mr. Martin and Hertz, sets forth the rental price and then states in relevant

---

[2] Plaintiffs' complaint alleges that Mr. Martin rented the car on March 6, 2010, but both Hertz's motion and Mr. Martin's opposition state that he rented the car on February 28, 2010. *Compare* Complaint, ECF No. 1 at 5-6, ¶¶ 3, 11 *with* Motion to Compel, ECF No. 21 at 2 and Opposition, ECF No. 28 at 7. Documentation submitted by both Hertz and Mr. Martin also shows a rental date of February 28, 2010. *See* Martin Declaration, ECF No. 28-1, Ex. A; Calderon Declaration, ECF No. 31, Ex. A. As such, the court will proceed as if Mr. Martin rented the car on February 28, 2010.

part:

> I hereby state that I have read the conditions on this Contract as set forth in the FOLDER JACKET CR001 and its addendum DCLA001, DCL002, DCLA003, the contents of which I fully understand as explained to me, therefore, I accept the conditions and execute this document in full conformity.

Martin Declaration, ECF No. 28-1, Ex. A; Calderon Declaration, ECF No. 31, Ex. A. Mr. Martin's signature is directly under this clause. Martin Declaration, ECF No. 28-1, Ex. A; Calderon Declaration, ECF No. 31, Ex. A.[3] Mr. Martin's signature also appears on two of the addenda mentioned in the clause (DCLA001 and DCLA002). Calderon Declaration, Ex. E.[4] The "folder jacket" referred to above is the paper sleeve into which the rental agreement is placed. *Id*. at 2, ¶ 6. Employees of the Costa Rica Rent a Car are supposed to give the folder jacket to the customer at the time a vehicle is rented. *Id*.

A copy of the folder jacket that Mr. Martin is supposed to have received has not been submitted by any party. In an attempt to show what the folder jacket that Mr. Martin is supposed to have received looked like, and to establish what terms and conditions it contained, Federico Calderon, the Director of Costa Rica Rent a Car, submitted a copy of <u>a</u> folder jacket. Calderon Declaration, ECF No. 31, Ex. C.[5] His declaration, however, is problematic because he never specifies that the folder

---

[3] Mr. Martin says that the agreement is primarily in Spanish. Opposition, ECF No. 28 at 5. But it is short agreement that consists primarily of the rental fees, and the clause quoted above is in both Spanish and English. *See* Calderon Declaration, ECF No. 31, Ex. A.

[4] It appears that the third addendum mentioned in the clause – DCLA003 – comes into play when a customer declines Costa Rica Rent a Car's collision damage waiver. *See* Calderon Declaration, ECF No. 31, Ex. E. Here, the first addendum – DCLA001 – makes clear that Mr. Martin accepted the collision damage waiver, which, although there is no competent declaration to this effect, may be the reason no copy of DCLA003 with Mr. Martin's signature on it was submitted; it may have been unnecessary. *See* Reply, ECF No. 30 at 4 n.1.

[5] To be sure, the form folder jacket submitted by Hertz (which, unlike the rental agreement and the addenda, does not require the customer's signature or contain any space for acknowledgment or initials) does contain the following arbitration agreement at the bottom-end of the fifth of five columns containing numerous legal provisions typed in small, tightly-packed font:

CHAPTER 5: APPLICABLE LAWS AND JURISDICTION

UNITED STATES DISTRICT COURT
For the Northern District of California

jacket he submitted is a true and correct copy of the folder jacket that was being used by Costa Rica Rent a Car on February 28, 2010. *See id*. at 2, ¶ 6. Instead, he declares that the folder jacket he submitted shows what the folder jacket currently "looks like." *See* id. ("But to demonstrate what the FOLDER JACKET looks like, I have attached hereto as Exhibit C, a photograph of the RENTAL JACKET."). Without having a properly authenticated copy of the folder jacket that was used by Costa Rica Rent a Car on February 28, 2010, the court cannot proceed with an analysis about whether a valid arbitration agreement exists, whether Hertz would have standing to enforce it, or whether it is enforceable against Mr. Martin.[6] Hertz's motion is DENIED WITHOUT PREJUDICE

---

> The Parties herein executing this Contract, agree in that any and all disputes, claims, differences, disputes or controversies arising out of or in relation to any aspect of this Agreement, its business matter, performance, liquidation, interpretation, validity or any breach thereof, shall be resolved first by conciliation in accordance with the bylaws of the International Center for Conciliation and Arbitration of the Costa Rican-American Chamber of Commerce ("CICA"). The conciliation hearings will be in the Center (CICA) in San Jose, Costa Rica. The conciliation will be address[ed] by a conciliator appointed by CICA. If the controversy is not solved by conciliation in term on 15 days [sic], or in the event of which they are left aspects without solving within conciliation process the conflict will be solved by arbitration in accordance in CICA's Rules. The parties hereby agree to submit voluntarily and unconditionally to its rules and bylaws and claim knowledge thereof. The arbitration shall take place at the CICA in San Jose, Republic of Costa Rica. An arbitration tribunal of three arbitrators shall decide the matters subject to the arbitration procedure. The arbitrators shall be appointed by CICA according to its rules.

Calderon Declaration, ECF No. 31, Ex. C. But as explained above, it is not clear whether this arbitration agreement was found in the folder jacket used by Costa Rica Rent a Car on February 28, 2010. Without that knowledge, the court is unable to rule on the merits of Hertz's motion.

[6] Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of a contract." 9 U.S.C. § 2; *see AT&T Mobility, LLC v. Concepcion*, 131 S.Ct. 1740, 1746 (2011). Section 4 of the FAA permits a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. If the court is satisfied "that the making of the arbitration agreement or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. *Id*.

for this reason.

## V.  CONCLUSION

Based on the foregoing, Hertz's motion to compel arbitration is DENIED WITHOUT PREJUDICE.  Hertz may file another motion to compel arbitration that addresses the court's above-stated concerns by May 10, 2012.  Should Hertz choose to do so, briefing on the motion shall proceed in accordance with Civil Local Rule 7-3, and the hearing on the motion shall be noticed in accordance with Civil Local Rule 7-2.

**IT IS SO ORDERED.**

Dated: April 27, 2012

_____
LAUREL BEELER
United States Magistrate Judge