**UNITED STATES DISTRICT COURT**

Northern District of California

San Francisco Division

| | |
|---|---|
| KATHLEEN M. LUCAS, et al.,<br><br>               Plaintiffs,<br>   v.<br>HERTZ CORPORATION, et al.,<br><br>               Defendants.<br>_____/ | No. C 11-01581 LB<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO SHORTEN TIME, DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, AND SETTING HEARING DATE AND BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL**<br><br>[Re: ECF Nos. 59, 60] |

## I. INTRODUCTION

Kathleen Lucas and Dan Martin (collectively, "Plaintiffs") filed the instant action against car rental company Hertz Corporation ("Hertz") in San Francisco County Superior Court on November 29, 2010. Notice of Removal, ECF No. 1 at 5-12 ("Complaint").[1] Hertz removed the action to this court on March 31, 2011. Notice of Removal, ECF No. 1. On June 21, 2012, the court granted Hertz's motion to compel Mr. Martin to arbitrate his claims pursuant to an arbitration agreement incorporated by reference into the car rental agreement that Mr. Martin signed. 6/21/2012 Order,

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-01581 LB
ORDER

ECF No. 53. Mr. Martin now asks the court to reconsider its decision or, alternatively, to certify its order for interlocutory appeal. Motion for Reconsideration, ECF No. 59. He also asks the court to shorten the time for hearing his motion, from September 20, 2012 to September 6, 2012. Administrative Motion, ECF No. 60. Upon review of papers submitted and consideration of the applicable rules and authority, the court rules as follows.

## II.  BACKGROUND[2]

In its order granting Hertz's motion to compel arbitration, the court ruled that a valid arbitration agreement exists, that Hertz can enforce it, and that it is enforceable. *See* 6/21/2012 Order, ECF No. 53 at 5-19. Mr. Martin argued that the arbitration agreement was unenforceable because it is unconscionable, but the court rejected this argument. The court found the arbitration agreement to be "moderately procedurally unconscionable because of its obscured location and small print and because Mr. Martin did not have to sign or otherwise acknowledge that he saw it, *see id.* at 14-16, but it did not find the arbitration agreement to substantively unconscionable, even though the arbitration will be governed by CICA's procedural rules, and those rules may not allow for any pre-arbitration discovery, *see id.* at 16-19.

In so finding, the court set forth its reasoning in detail:

> Mr. Martin argues that the arbitration agreement is substantively unconscionable because it requires that any arbitration will be governed by CICA's procedural rules, and those rules may not allow for any pre-arbitration discovery. Opposition, ECF No. 44 at 17-18.[3] Hertz argues that this does not render the arbitration agreement substantively unconscionable because any limitations on pre-arbitration discovery would affect both parties equally. Reply, ECF No. 49 at 13.
>
> Prior to the Supreme Court's ruling in *Concepcion*, numerous courts, at both the state and federal level, found arbitration agreements substantively unconscionable where the rules of the arbitral forum allowed for only minimal discovery or where the

---

[2] The court only sets forth the facts relevant to the instant motions. For a more detailed description of the facts of this case, please refer to the court's order dated June 21, 2012. *See* 6/21/2012 Order, ECF No. 53 at 1-4.

[3] The CICA arbitration rules do not affirmatively state that no pre-arbitration discovery is allowed, but they also do not affirmatively allow for any discovery devices to be used. *See* McGuinn Declaration, ECF No. 28-2, Ex. 1. The rules do suggest that the CICA arbitrators can "order" the parties to provide "evidence," but there is no stated standard for when such an order could be obtained. *See id.* at 16, Art. 28.

affect of the discovery rules operated solely to one side's benefit. *See*, *e.g.*, *Ontiveros v. DHL Express (USA), Inc.*, 164 Cal. App. 4th 494, 513 (2008) (finding arbitration agreement substantively unconscionable because it allowed for only one deposition absent a showing of substantial need); *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 716–17 (2004) (finding arbitration agreement was substantially unconscionable because, "[t]hough NCR contends that the ACT policy's limits on discovery are mutual because they apply to both parties, the curtailment of discovery to only two depositions does not have mutual effect and does not provide Fitz with sufficient discovery to vindicate her rights"); *see also Doubt v. NCR Corp.*, No. C 09-05917 SBA, 2010 WL 3619854, at *7 (N.D. Cal. Sep. 13, 2010) (citing *Fitz* and finding arbitration agreement substantively unconscionable where it limited discovery to only two depositions (aside from depositions of any expert witnesses expected to testify at the hearing) unless the arbitrator found a "compelling need to allow it"). Indeed, Mr. Martin relies on pre-*Concepcion* decisions in support of her argument. *See* Opposition, ECF No. 44 at 18 (citing *Fitz*, 118 Cal. App. 4th at 717-18; *Martinez v. Master Protection Corp.*, 118 Cal. App. 4th 107, 118-19 (2004); *Kinney v. United Healthcare Servs., Inc.*, 70 Cal. App. 4th 1322, 1322 (1999)).

*Concepcion*, however, suggests that limitations on arbitral discovery no longer support a finding of substantive unconscionability. The Supreme Court provided the following guidance:

> When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA. *Preston v. Ferrer*, 552 U.S. 346, 353, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008). But the inquiry becomes more complex when a doctrine normally thought to be generally applicable, such as duress or, as relevant here, unconscionability, is alleged to have been applied in a fashion that disfavors arbitration. In *Perry v. Thomas*, 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987), for example, we noted that the FAA's preemptive effect might extend even to grounds traditionally thought to exist "'at law or in equity for the revocation of any contract.'" *Id.*, at 492, n.9, 107 S.Ct. 2520 (emphasis deleted). We said that a court may not "rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable, for this would enable the court to effect what . . . the state legislature cannot." *Id.*, at 493, n.9, 107 S.Ct. 2520.
>
> An obvious illustration of this point would be a case finding unconscionable or unenforceable as against public policy consumer arbitration agreements that fail to provide for judicially monitored discovery. The rationalizations for such a holding are neither difficult to imagine nor different in kind from those articulated in *Discover Bank*. A court might reason that no consumer would knowingly waive his right to full discovery, as this would enable companies to hide their wrongdoing. Or the court might simply say that such agreements are exculpatory-restricting discovery would be of greater benefit to the company than the consumer, since the former is more likely to be sued than to sue. *See Discover Bank*, *supra*, at 161, 30 Cal. Rptr. 3d 76, 113 P.3d, at 1109 (arguing that class waivers are similarly one-sided). And, the reasoning would continue, because such a rule applies the general principle of unconscionability or public-policy disapproval of exculpatory agreements, it is applicable to "any" contract and thus preserved by § 2 of the FAA. In practice, of course, the rule would

C 11-01581 LB
ORDER

3

> have a disproportionate impact on arbitration agreements; but it would presumably apply to contracts purporting to restrict discovery in litigation as well.
>
> Other examples are easy to imagine. The same argument might apply to a rule classifying as unconscionable arbitration agreements that fail to abide by the Federal Rules of Evidence, or that disallow an ultimate disposition by a jury (perhaps termed "a panel of twelve lay arbitrators" to help avoid preemption). Such examples are not fanciful, since the judicial hostility towards arbitration that prompted the FAA had manifested itself in "a great variety" of "devices and formulas" declaring arbitration against public policy. *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402, 406 (C.A.2 1959).

*Concepcion*, 131 S.Ct. at 1747. Although there is a difference between a failure to provide for "judicially monitored discovery" and a failure to affirmatively allow for any discovery devices to be used, the court believes the above reasoning applies with equal force here. And although they do not cite *Concepcion*, many post-*Concepcion* federal district court decisions taking up this issue suggest the same. *See*, *e.g.*, *Simmons v. Morgan Stanley Smith Barney, LLC*, No. 11cv2889 WQH-MDD, 2012 WL 1900110, at *11-12 (S.D. Cal. May 24, 2012); *Valle v. Lowe's HIW, Inc.*, No. 11-1489 SC, 2011 WL 3667441, at *8 (N.D. Cal. Aug. 22, 2011); *Pilitz v. Bluegreen Corp.*, No. 6:11-cv-388-Orl-19KRS, 2011 WL 3359641, at *5 (M.D. Fla. Aug. 4, 2011); *Hopkins v. World Acceptance Corp.*, No. 1:10-cv-03429-SCJ, 798 F. Supp. 2d 1339, 1349-50 (N.D. Ga. 2011); *Tierra Right of Way Servs., Ltd. v. Abengoa Solar, Inc.*, No. CV-11-00323-PHX-GMS, 2011 WL 2292007, at *5 (D. Ariz. June 9, 2011); *but see Unimax Express, Inc. v. Cosco North America, Inc.*, No. CV 11–02947 DDP (PLAx), 2011 WL 5909881, at *4 (C.D. Cal. Nov. 28, 2011) (finding arbitration agreement to be substantively unconscionable where one party would have had to "articulate its arguments with a clarity bordering on prescience, for it has no right to discovery and will have no opportunity to rebut the other party's response).

In addition, Hertz's counsel stated at the June 21, 2012 hearing that Hertz had already voluntarily produced some discovery to Plaintiffs and that Hertz would continue to act in good faith in this regard. The parties are deposing witnesses, too.

Accordingly, the court finds that in this post-*Concepcion* landscape, the arbitration agreement is not substantively unconscionable. *See Concepcion*, 131 S.Ct. at 1747.

6/21/2012 Order, ECF No. 53 at 16-19 (footnote omitted). Because both procedural and substantive unconscionability must be present before a court will refuse to enforce a contract, *Armendariz v. Found. Health Psychcare Servs.*, 24 Cal.4th 83, 114 (2000), the court rejected Mr. Martin's unconscionability argument and granted Hertz's motion to compel arbitration, 6/21/2012 Order, ECF No. 53 at 19.

On August 10, 2012, Mr. Martin filed a motion asking the court to reconsider its decision or, alternatively, to certify its order for interlocutory appeal. Motion for Reconsideration, ECF No. 59.

He also filed an administrative motion asking the court to shorten the time for hearing his motion, from September 20, 2012 to September 6, 2012. Administrative Motion, ECF No. 60. Hertz filed an opposition to Mr. Martin's administrative motion, Opposition to Administrative Motion, ECF No. 63.

### III. DISCUSSION

**A.  Mr. Martin's Administrative Motion to Shorten Time**

In accordance with Civil Local Rule 7-2(a), but in violation of Civil Local Rule 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file to the motion."), Mr. Martin noticed his motion for reconsideration for hearing on September 20, 2012. Motion for Reconsideration, ECF No. 59. He also filed an administrative motion to have his motion for reconsideration heard on shortened time on September 6, 2012. Administrative Motion, ECF No. 60. Hertz opposes Mr. Martin's administrative motion. Opposition to Administrative Motion, ECF No. 63.

Civil Local Rule 6-1(b) provides that "[a] request for a Court order enlarging or shortening time may be made by . . . motion pursuant to Civil L.R. 6-3." Civil Local Rule 6-3, in turn, provides that:

> (a)  Form and Content. A motion to enlarge or shorten time may be no more than 5 pages in length and must be accompanied by a proposed order and by a declaration that:
>
> (1)  Sets forth with particularity, the reasons for the requested enlargement or shortening of time;
>
> (2)  Describes the efforts the party has made to obtain a stipulation to the time change;
>
> (3)  Identifies the substantial harm or prejudice that would occur if the Court did not change the time; and
>
> (4)  If the motion is to shorten time for the Court to hear a motion:
>
> (i)  Describes the moving party's compliance with Civil L.R. 37-1(a), where applicable, and
>
> (ii)  Describes the nature of the underlying dispute that would be addressed in the motion and briefly summarizes the position each party had taken.
>
> (5)  Discloses all previous time modifications in the case, whether by stipulation or Court order;
>
> (6)  Describes the effect the requested time modification would have on the

schedule for the case.

N.D. Cal. Civ. L.R. 6-3(a). "Unless otherwise ordered, a party who opposes a motion to enlarge or shorten time must file an opposition not to exceed 5 pages, accompanied by a declaration setting forth the basis for opposition, no later than 4 days after receiving the motion." N.D. Cal. Civ. L.R. 6-3(b). "After receiving a motion to enlarge or shorten time and any opposition, the Judge may grant, deny, modify the requested time change or schedule the matter for additional briefing or a hearing." N.D. Cal. Civ. L.R. 6-3(d).

Even if the September 20, 2012 hearing date was appropriate and even if the court had agreed to hear his motion on that date, Mr. Martin did not comply with the requirements listed above. He did not describe the efforts he made to obtain a stipulation to the time change, the nature of the underlying dispute that would be addressed in the motion or briefly summarize the position each party has taken. He also did not disclose all previous time modifications in the case, whether by stipulation or court order or describe the effect the requested time modification would have on the schedule for the case. Instead, he simply wrote:

> This application is based on the grounds that the matter to be determined by these motions will directly affect of all of the parties with respect to the time and expense necessary to prosecute and defend the multiple actions at issue and because plaintiff's counsel will be out of the country from September 8 inclusive of September 20th thereby affecting counsel's ability to prepare a reply brief and attend the hearing on the motions. Further, a delay in the hearing of plaintiff's motion will impair the ability of the parties to effectively prepare for possible settlement and trial.

Administrative Motion, ECF No. 60 at 2.

This language, the court supposes, is an attempt to set forth with particularity the reasons for the requested shortening of time and to identify the substantial harm or prejudice that would occur if the court did not grant the request. *See* N.D. Cal. Civ. L.R. 6-3(a)(1), (3). The attempt fails. First, Mr. Martin's statement that "the matter to be determined by these motions will directly affect of all of the parties with respect to the time and expense necessary to prosecute and defend the multiple actions at issue" is not helpful. Every matter decided by this court directly affects the parties to this action, and Mr. Martin does not explain why hearing his motion two weeks sooner will affect the time or money spent litigating it. Second, the unavailability of Mr. Martin's counsel is a problem of

his own making. The court issued its order granting Defendants' motion to compel Mr. Martin to arbitrate his claims on June 21, 2012, and Mr. Martin waited until August 10, 2012 to file his motion for reconsideration. If Mr. Martin wanted the court to hear his motion earlier (and the court agreed to do so), when his counsel is not scheduled to be out of the country, he could have filed his motion for reconsideration earlier. Mr. Martin does not provide any reason why he could not have done so. Third, Mr. Martin's statement that "a delay in the hearing of plaintiff's motion will impair the ability of the parties to effectively prepare for possible settlement and trial" is generic and unsupported.

For these reasons, the court **DENIES** Mr. Martin's administrative motion to shorten time for hearing his motion for reconsideration.

## B. Mr. Martin's Motion for Reconsideration or, Alternatively, for Certification of Order for Interlocutory Appeal

Under Civil Local Rule 7-9(a), a party must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9(a).[4] In seeking permission from the court, the party must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented to it. N.D. Cal. Civ. L.R. 7-9(b). Even if the court grants a party leave to file a motion for reconsideration, reconsideration is only appropriate in the "highly unusual circumstances" when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." N.D. Cal.

---

[4] Civil Local Rule 7-9(a) provides: "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."

C 11-01581 LB
ORDER

7

Civ. L.R. 7-9(c).  "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider."  N.D. Cal. Civ. L.R. 7-9(d).

Here, Mr. Martin failed to seek (let alone receive) leave of the court to file his motion for reconsideration.  Instead, he simply filed it.  He also noticed it for hearing in violation of Civil Local Rule 7-9(a).  And even if the court considered Mr. Martin's motion for reconsideration to be a motion for leave to file a motion for reconsideration, he did not even attempt to show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented to it.  *See* Motion for Reconsideration, ECF No. 59; *see also* N.D. Cal. Civ. L.R.  7-9(b).  Rather, Mr. Martin either raises new arguments that he did not make in the briefing or during the hearing on Hertz's motion to compel, *see*, *e.g.*, Motion for Reconsideration, ECF No. 59 at 4-5 (discussing the possibility of inconsistent rulings), remakes arguments that the court previously rejected after giving them substantial consideration, *see*, *e.g.*, *id.* at 6 (discussing the application of *Concepcion* to the lack of pre-arbitration discovery in the Costa Rican arbitral forum), or presents new discovery problems as practical reasons for the court to reconsider its order, *see*, *e.g.*, *id.* at 3-4 (discussing complications regarding the timing and location of Mr. Martin's deposition).  These arguments do not fit within any of the categories that allow a court to consider granting a motion for leave to file a motion for reconsideration.  Accordingly, Mr. Martin's motion for reconsideration is **DENIED**.

## C. Mr. Martin's Motion for Certification of Order for Interlocutory Appeal

Mr. Martin's motion for reconsideration also doubles as a motion for the certification of the court's June 21, 2012 order for interlocutory appeal.  Motion for Reconsideration, ECF No. 59 at 5-8.[5]  Such a motion may be noticed for hearing under Civil Local Rule 7-2(a), and Mr. Martin does

---

[5] 28 U.S.C. § 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982); see Yoshimoto v.

1  not need the court's prior approval to file it. But because of the aforementioned scheduling
2  problems, the court will hear the motion on October 4, 2012, not on September 20, 2012. Given the
3  procedural confusion discussed above, Hertz shall have until August 31, 2012 (a one-week extension
4  of time) to file an opposition, and Mr. Martin's shall have until September 7, 2012 to file a reply.

### IV.  CONCLUSION

Based on the foregoing, the Mr. Martin's administrative motion to shorten time is **DENIED**, his motion for reconsideration is **DENIED**, and his motion for an order certifying the June 21, 2012 order for interlocutory appeal will be heard on October 4, 2012.

**IT IS SO ORDERED.**

Dated: August 22, 2012

_____
LAUREL BEELER
United States Magistrate Judge

---

O'Reilly Automotive, Inc., No. C 10–05438 LB, 2011 WL 2669604 (N.D. Cal. July 7, 2011). The district court may certify an order for interlocutory appellate review under section 1292(b) if the following three requirements are met: "(1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. A district court may certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir.1966)).