UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KATHLEEN M. LUCAS, et al.,<br><br>    Plaintiffs,<br>   v.<br>HERTZ CORPORATION, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-01581 LB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL**<br><br>[Re: ECF No. 59] |

## I. INTRODUCTION

Kathleen Lucas and Dan Martin (collectively, "Plaintiffs") filed the instant action against car rental company Hertz Corporation ("Hertz") in San Francisco County Superior Court on November 29, 2010. Notice of Removal, ECF No. 1 at 5-12 ("Complaint").[1] Hertz removed the action to this court on March 31, 2011. Notice of Removal, ECF No. 1. On June 21, 2012, the court granted Hertz's motion to compel Mr. Martin to arbitrate his claims pursuant to an arbitration agreement incorporated by reference into the car rental agreement that Mr. Martin signed. 6/21/2012 Order,

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

ECF No. 53. Mr. Martin now asks the court to certify its order for interlocutory appeal. Motion for Reconsideration or Certification, ECF No. 59.[2] Upon review of papers submitted and consideration of the applicable rules and authority, the court **DENIES** Plaintiff's motion.[3]

## II. BACKGROUND[4]

In its order granting Hertz's motion to compel arbitration, the court ruled that a valid arbitration agreement exists, that Hertz can enforce it, and that it is enforceable. *See* 6/21/2012 Order, ECF No. 53 at 5-19. Mr. Martin argued that the arbitration agreement was unenforceable because it is unconscionable, but the court rejected this argument. The court found the arbitration agreement to be "moderately procedurally unconscionable because of its obscured location and small print and because Mr. Martin did not have to sign or otherwise acknowledge that he saw it, *see id*. at 14-16, but it did not find the arbitration agreement to substantively unconscionable, even though the arbitration will be governed by CICA's procedural rules, and those rules may not allow for any pre-arbitration discovery, *see id*. at 16-19.[5]

In so finding, the court set forth its reasoning in detail:

> Mr. Martin argues that the arbitration agreement is substantively unconscionable because it requires that any arbitration will be governed by CICA's procedural rules, and those rules may not allow for any pre-arbitration discovery. Opposition, ECF No. 44 at 17-18.[] Hertz argues that this does not render the arbitration agreement substantively unconscionable because any limitations on pre-arbitration discovery would affect both parties equally. Reply, ECF No. 49 at 13.

---

[2] Mr. Martin also asked the court reconsider its decision, but the court declined to do so. 8/22/2012 Order, ECF No. 65.

[3] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and **VACATES** the November 1, 2012 hearing.

[4] The court only sets forth the facts relevant to the instant motions. For a more detailed description of the facts of this case, please refer to the court's order dated June 21, 2012. *See* 6/21/2012 Order, ECF No. 53 at 1-4.

[5] The CICA arbitration rules do not affirmatively state that no pre-arbitration discovery is allowed, but they also do not affirmatively allow for any discovery devices to be used. *See* McGuinn Declaration, ECF No. 28-2, Ex. 1. The rules do suggest that the CICA arbitrators can "order" the parties to provide "evidence," but there is no stated standard for when such an order could be obtained. *See id*. at 16, Art. 28.

Prior to the Supreme Court's ruling in *Concepcion*, numerous courts, at both the state and federal level, found arbitration agreements substantively unconscionable where the rules of the arbitral forum allowed for only minimal discovery or where the affect of the discovery rules operated solely to one side's benefit. *See*, *e.g.*, *Ontiveros v. DHL Express (USA), Inc.*, 164 Cal. App. 4th 494, 513 (2008) (finding arbitration agreement substantively unconscionable because it allowed for only one deposition absent a showing of substantial need); *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 716–17 (2004) (finding arbitration agreement was substantially unconscionable because, "[t]hough NCR contends that the ACT policy's limits on discovery are mutual because they apply to both parties, the curtailment of discovery to only two depositions does not have mutual effect and does not provide Fitz with sufficient discovery to vindicate her rights"); *see also Doubt v. NCR Corp.*, No. C 09-05917 SBA, 2010 WL 3619854, at *7 (N.D. Cal. Sep. 13, 2010) (citing *Fitz* and finding arbitration agreement substantively unconscionable where it limited discovery to only two depositions (aside from depositions of any expert witnesses expected to testify at the hearing) unless the arbitrator found a "compelling need to allow it"). Indeed, Mr. Martin relies on pre-*Concepcion* decisions in support of her argument. *See* Opposition, ECF No. 44 at 18 (citing *Fitz*, 118 Cal. App. 4th at 717-18; *Martinez v. Master Protection Corp.*, 118 Cal. App. 4th 107, 118-19 (2004); *Kinney v. United Healthcare Servs., Inc.*, 70 Cal. App. 4th 1322, 1322 (1999)).

*Concepcion*, however, suggests that limitations on arbitral discovery no longer support a finding of substantive unconscionability. The Supreme Court provided the following guidance:

> When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA. *Preston v. Ferrer*, 552 U.S. 346, 353, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008). But the inquiry becomes more complex when a doctrine normally thought to be generally applicable, such as duress or, as relevant here, unconscionability, is alleged to have been applied in a fashion that disfavors arbitration. In *Perry v. Thomas*, 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987), for example, we noted that the FAA's preemptive effect might extend even to grounds traditionally thought to exist "'at law or in equity for the revocation of any contract.'" *Id.*, at 492, n.9, 107 S.Ct. 2520 (emphasis deleted). We said that a court may not "rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable, for this would enable the court to effect what . . . the state legislature cannot." *Id.*, at 493, n.9, 107 S.Ct. 2520.
>
> An obvious illustration of this point would be a case finding unconscionable or unenforceable as against public policy consumer arbitration agreements that fail to provide for judicially monitored discovery. The rationalizations for such a holding are neither difficult to imagine nor different in kind from those articulated in *Discover Bank*. A court might reason that no consumer would knowingly waive his right to full discovery, as this would enable companies to hide their wrongdoing. Or the court might simply say that such agreements are exculpatory-restricting discovery would be of greater benefit to the company than the consumer, since the former is more likely to be sued than to sue. *See Discover Bank*, *supra*, at 161, 30 Cal. Rptr. 3d 76, 113 P.3d, at 1109 (arguing that class waivers are similarly one-sided). And, the reasoning would continue, because such a rule applies the

C 11-01581 LB
ORDER
3

> general principle of unconscionability or public-policy disapproval of exculpatory agreements, it is applicable to "any" contract and thus preserved by § 2 of the FAA. In practice, of course, the rule would have a disproportionate impact on arbitration agreements; but it would presumably apply to contracts purporting to restrict discovery in litigation as well.
>
> Other examples are easy to imagine. The same argument might apply to a rule classifying as unconscionable arbitration agreements that fail to abide by the Federal Rules of Evidence, or that disallow an ultimate disposition by a jury (perhaps termed "a panel of twelve lay arbitrators" to help avoid preemption). Such examples are not fanciful, since the judicial hostility towards arbitration that prompted the FAA had manifested itself in "a great variety" of "devices and formulas" declaring arbitration against public policy. *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402, 406 (C.A.2 1959).

*Concepcion*, 131 S.Ct. at 1747. Although there is a difference between a failure to provide for "judicially monitored discovery" and a failure to affirmatively allow for any discovery devices to be used, the court believes the above reasoning applies with equal force here. And although they do not cite *Concepcion*, many post-*Concepcion* federal district court decisions taking up this issue suggest the same. *See*, *e.g.*, *Simmons v. Morgan Stanley Smith Barney, LLC*, No. 11cv2889 WQH-MDD, 2012 WL 1900110, at *11-12 (S.D. Cal. May 24, 2012); *Valle v. Lowe's HIW, Inc.*, No. 11-1489 SC, 2011 WL 3667441, at *8 (N.D. Cal. Aug. 22, 2011); *Pilitz v. Bluegreen Corp.*, No. 6:11-cv-388-Orl-19KRS, 2011 WL 3359641, at *5 (M.D. Fla. Aug. 4, 2011); *Hopkins v. World Acceptance Corp.*, No. 1:10-cv-03429-SCJ, 798 F. Supp. 2d 1339, 1349-50 (N.D. Ga. 2011); *Tierra Right of Way Servs., Ltd. v. Abengoa Solar, Inc.*, No. CV-11-00323-PHX-GMS, 2011 WL 2292007, at *5 (D. Ariz. June 9, 2011); *but see Unimax Express, Inc. v. Cosco North America, Inc.*, No. CV 11–02947 DDP (PLAx), 2011 WL 5909881, at *4 (C.D. Cal. Nov. 28, 2011) (finding arbitration agreement to be substantively unconscionable where one party would have had to "articulate its arguments with a clarity bordering on prescience, for it has no right to discovery and will have no opportunity to rebut the other party's response).

In addition, Hertz's counsel stated at the June 21, 2012 hearing that Hertz had already voluntarily produced some discovery to Plaintiffs and that Hertz would continue to act in good faith in this regard. The parties are deposing witnesses, too.

Accordingly, the court finds that in this post-*Concepcion* landscape, the arbitration agreement is not substantively unconscionable. *See Concepcion*, 131 S.Ct. at 1747.

6/21/2012 Order, ECF No. 53 at 16-19 (footnotes omitted). Because both procedural and substantive unconscionability must be present before a court will refuse to enforce a contract, *Armendariz v. Found. Health Psychcare Servs.*, 24 Cal.4th 83, 114 (2000), the court rejected Mr. Martin's unconscionability argument and granted Hertz's motion to compel arbitration, 6/21/2012 Order, ECF No. 53 at 19.

On August 10, 2012, Mr. Martin filed a motion asking the court to reconsider its decision or,

alternatively, to certify its order for interlocutory appeal. Motion for Reconsideration or Certification, ECF No. 59. The court denied his motion for reconsideration, but ordered the parties to submit further briefing with respect to his motion for certification of its 6/21/2012 Order for interlocutory appeal. 8/22/2012 Order, ECF No. 65. In accordance with that order, Hertz filed an opposition, and Mr. Martin filed a reply. Opposition, ECF No. 66; Reply, ECF No. 67.

### III. LEGAL STANDARD

28 U.S.C. § 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. *See* 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). But a district court may do so "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.,* 673 F.2d at 1026 (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)). The party seeking certification of an interlocutory order has the burden of establishing the existence of such an exceptional situation. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). A court has substantial discretion in deciding whether to grant a party's motion for certification. *Brown v. Oneonta*, 916 F. Supp. 176, 180 (N.D.N.Y. 1996), *rev'd in part on other grounds*, 106 F.3d 1125 (2d Cir. 1997).

The district court may certify an order for interlocutory appellate review under section 1292(b) if the following three requirements are met: "(1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.,* 673 F.2d at 1026.

The Ninth Circuit defines a controlling question as one in which "the resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Id*. at 1027. A question may be controlling even though its resolution does not determine who will prevail on the merits. But it is not controlling simply because its immediate resolution may promote judicial economy.

With regard to the second factor, "[c]ourts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope, Inc.* 611 F.3d

629, 633 (9th Cir. 2010) (quotations omitted).

Finally, the Ninth Circuit has not expressly defined material advancement of the ultimate termination of the litigation. Still an immediate appeal will not materially advance the ultimate termination of litigation where the appeal might postpone the scheduled trial date. *See Shurance v. Planning Control Int'l, Inc.* 839 F.2d 1347, 1348 (9th Cir. 1988).

## IV. DISCUSSION

Mr. Martin has not met his burden to show that this is an exceptional situation warranting an interlocutory appeal.

First, Mr. Martin has now shown that there is a "substantial ground for difference of opinion.[6] He does not cite any orders from other courts that conflict with the court's 6/21/2012 Order. *See Bd. of Trustees of Leland Stanford Junior Univ. v. Roche*, No. C 05-04158 MHP, 2007 WL 1119193, at *2 (N.D. Cal. Apr.16, 2007) (A party "'must demonstrate a legitimate and substantial ground for difference of opinion' between and among judicial bodies.") (citing omitted); *APCC Servs., Inc. v. AT & T Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003) ("A substantial ground for dispute [ ] exists where a court's challenged decision conflicts with decisions of several other courts."). And although Mr. Martin does not raise it, "the mere fact that there is no Ninth Circuit authority precisely on point does not satisfy the requirement that there by a substantial ground for a difference of opinion." *Owner-Operator Indep. Drivers Assoc., Inc. v. Swift Transp. Co., Inc. (AZ)*, No. CV 02-1059-PHX-PGR, 2004 WL 5376210, at *1 (D. Ariz. July 28, 2004).

Instead, Mr. Martin focuses his energies on arguing that the court simply got its decision wrong.

---

[6] The court finds that Mr. Martin has met the first factor and shown that the issue to be certified is a "controlling question of law." Essentially, Mr. Martin challenges that court's determination that *Concepcion* suggests that limitations on arbitral discovery no longer support a finding of substantive unconscionability. *See* 6/21/2012 Order, ECF No. 53 at 17-19. This understanding of *Concepcion* is the basis for the court's determination that the arbitration agreement is not substantively unconscionable. *See id.* If this understanding is incorrect, then the court would have found the arbitration agreement to be substantively unconscionable and denied Hertz's motion to compel. Nevertheless, because Mr. Martin has not met the other factors in this analysis, the court will deny his motion for certification.

1   *See* Motion for Reconsideration or Certification, ECF No. 59 at 6-7; Reply, ECF No. 4.[7] This does
2   not suffice. A party does not establish a "substantial ground for difference of opinion" simply by
3   strongly disagreeing with the court's ruling. *In re Static Random Access Memory (SRAM) Antitrust*
4   *Litig.*, No. 07-md-01819 CW, 2011 WL 250317, at *1 (N.D. Cal. Jan. 25, 2011) (citing *Mateo v.*
5   *M/S Kiso*, 805 F. Supp. 792, 800 (N.D. Cal. 1992)); *see Chehalem Physical Therapy*, 2010 WL
6   952273, at *4 ("To establish 'a substantial ground for difference of opinion exists,' a party 'must
7   show more than its own disagreement with a court's ruling.'") (quoting *Marsall v. City of Portland*,
8   No. CV-01-1014-ST, 2004 WL 1774532, at *6 (D. Or. Aug. 9, 2004)).

9   Second, the court also is not convinced that an interlocutory appeal will "materially advance the
10  ultimate termination of the litigation." As part of his motion, Mr. Martin asks the court to stay the
11  litigation while he appeals the 6/21/2012 Order. Motion for Reconsideration or Certification, ECF
12  No. 59 at 8. This would delay the case even more than it already has been. Plaintiffs filed this case
13  in March 2011, discovery has been open since August 2011, the last day for hearing dispositive
14  motions is January 17, 2012, and trial on Ms. Lucas's claims is set for April 15, 2013. *See*
15  9/25/2012 Case Management Order, ECF No. 74. Indeed, this deadlines in this case already have
16  been continued once before. *See id.*

17  Third, in addition to the factors discussed above, the court also notes that certifying its 6/21/2012
18  Order also "would frustrate the decidedly pro-arbitration tilt of the Federal Arbitration Act, with its
19  concomitant policy of avoiding unnecessary delays in prosecuting arbitrations in part through the
20  discouragement of immediate appellate review of orders compelling arbitration." *Owner-Operator*
21  *Indep. Drivers Assoc., Inc. v. Swift Transp. Co., Inc. (AZ)*, No. CV 02-1059-PHX-PGR, 2004 WL
22  5376210, at *1 (D. Ariz. July 28, 2004) (citing 9 U.S.C. § 16(b) (barring an immediate appeal of an

---

[7] In so arguing, Mr. Martin points to several facts that he says render the arbitration clause substantively unconscionable, such as that he will have to retain an attorney in Costa Rica, make the necessary motions to determine whether discovery is permitted in the Costa Rican arbitral forum, and that he is unclear whether he faces a statute of limitations problem there. *See* Motion for Reconsideration or Certification, ECF No. 59 at 7; Reply, ECF No. 67 at 3-4. Mr. Martin did not present these facts to the court during the briefing on the motion to compel arbitration, although they are all things that he could have pointed out at that time.

order compelling arbitration absent a § 1292(b) certification); *Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 93 (2nd Cir. 2002) ("Unnecessary delay of the arbitral process through appellate review is disfavored.") (citation omitted)); *cf. Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 22 (1983) (Congress's clear intent in enacting the Federal Arbitration Act was "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible."). Although an order compelling arbitration may under some circumstances appropriately be a subject for certification under § 1292(b), *see Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996) (noting that "an interlocutory order pursuant to the Federal Arbitration Act may in some circumstances satisfy the requirements of 28 U.S.C. § 1292(b)"), in this context and on this record, the court finds that certification of the court's 6/21/2012 order would not be appropriate.

## V. CONCLUSION

Based on the foregoing, the Mr. Martin's motion for an order certifying the June 21, 2012 order for interlocutory appeal is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 21, 2012

_____
LAUREL BEELER
United States Magistrate Judge

C 11-01581 LB
ORDER

8