UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KATHLEEN M. LUCAS, et al., | No. C 11-01581 LB |
| Plaintiffs, | **ORDER SETTING FURTHER CASE MANAGEMENT CONFERENCE AND CONTINUING LAST DAY FOR HEARING DISPOSITIVE MOTIONS** |
| v. | |
| HERTZ CORPORATION, et al., | |
| Defendants. | [Re: ECF No. 77] |

On August 21, 2012, in light of Plaintiff's counsel's unavailability and the parties' representation that they were acting "diligently in conducting discovery," the court continued the last day for hearing dispositive motion from October 4, 2012 (the original date) to November 1, 2012. 8/21/2012 Order, ECF No. 64 at 1-2. The parties needed the extension "due to delays in completing discovery including, taking the depositions of . . . defendant witnesses noticed by [P]laintiffs." *Id*. at 1.

On September 19, 2012, the parties sought to extend the last day for hearing dispositive motion from November 1, 2012 to November 15, 2012. Stipulation, ECF No. 69. The court denied the stipulation without prejudice because the date the parties wanted (November 15, 2012) was already the date for the pretrial conference. 9/20/2012 Order, ECF No. 70 at 2.

On September 25, 2012, upon the parties' filing of another stipulation, and again in light of Plaintiff's counsel's unavailability and the parties' representation that they were acting "diligently in conducting discovery," the court continued all of the remaining case management dates, including

the last day for hearing dispositive motions.  9/25/2012 Order, ECF No. 74 at 1-2.  The parties needed the dates continued because of "calendaring conflicts and excusable delays in completing discovery."  *Id*. at 1.  Specifically, "[b]ased on the current scheduling of events, [P]laintiff's counsel will not be able [to] attend the currently scheduled Settlement Conference, nor complete the depositions of [D]efendant's corporate witnesses in order to oppose [D]efendant's motions for summary judgment."  *Id*. at 1-2.  The court continued, among other dates, the trial date from November 26, 2012 to April 15, 2013, and the last day for hearing dispositive motions from November 1, 2012 to January 17, 2013.  *Id*. at 2.

Now, the court has received an administrative motion from Defendant Hertz, asking the court to allow it to file a separate statement of undisputed facts, rather than a joint one, in support of its forthcoming summary judgment motion.  Administrative Motion, ECF No. 77.  Defendant's counsel represents that, despite his efforts, Plaintiff's counsel has refused to meet and confer about the undisputed facts.  *Id*. at 2-3; Reply, ECF No. 2-3.  Plaintiff's counsel suggests that she is not in a position to stipulate to undisputed facts because she has not yet been able to take the depositions of Defendants' corporate witnesses.  Opposition, ECF No. 78.  This is unconvincing given that the court previously provided the parties with additional time to do exactly that, and that no dispute over scheduling them has ever been brought to the court's attention.  It certainly does not appear that the parties have been "diligently" conducting discovery.

Accordingly, the court **SETS** a Further Case Management Conference for Thursday, December 13, 2012 at 10:30 a.m., during which time the court will discuss this matter with the parties.  Lead counsel for Plaintiff (Cynthia McGuinn) and Defendant Hertz (John Ranucci) are **ORDERED** to appear in person.

Also, the court once again **CONTINUES** the last day for hearing dispositive motions, this time from January 17, 2013 to February 21, 2013.  This means that Defendant need not file its summary judgment motion until after this problem is resolved.

///

///

///

**IT IS SO ORDERED.**

Dated: December 7, 2012

_____
LAUREL BEELER
United States Magistrate Judge