UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KATHLEEN M. LUCAS, et al., | No. C 11-01581 LB |
| Plaintiffs, | **ORDER STAYING CASE AND VACATING FEBRUARY 28, 2013 CASE MANAGEMENT CONFERENCE** |
| v. | |
| HERTZ CORPORATION, et al., | [Re: ECF No. 98] |
| Defendants. | |

Kathleen Lucas and Dan Martin (collectively, "Plaintiffs") filed the instant action against car rental company Hertz Corporation ("Hertz") in San Francisco County Superior Court on November 29, 2010. Notice of Removal, ECF No. 1 at 5-12 ("Complaint").[1] Hertz removed the action to this court on March 31, 2011. Notice of Removal, ECF No. 1. On May 11, 2012, Hertz filed counterclaims for equitable indemnity, apportionment, and declaratory relief against Mr. Martin. Amended Answer and Counterclaims, ECF No. 42.

On June 21, 2012, the court granted Hertz's motion to compel Mr. Martin to arbitrate his claims pursuant to an arbitration agreement incorporated by reference into the car rental agreement that Mr. Martin signed. 6/21/2012 Order, ECF No. 53. This left Ms. Lucas's claims against Hertz and

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-01581 LB
ORDER

Hertz's counterclaims against Mr. Martin pending before this court. Ms. Lucas has subsequently agreed to settle her claims against Hertz (although the parties have yet to file a stipulation of dismissal of her claims). *See* 1/23/2013 Minute Order, ECF No. 93; 2/21/2013 CMC Statement, ECF No. 98 at 4. In addition, Hertz has stated that it will dismiss its counterclaims against Mr. Martin (although the parties have yet to file a stipulation of dismissal of these claims, either). *See* 2/21/2013 CMC Statement, ECF No. 98 at 6 n.1.

This means that, practically speaking, the only claims left are Mr. Martin's, and he must arbitrate them in Costa Rica. Nevertheless, Hertz filed a motion for summary judgment on Mr. Martin's claims. *See* Motion for Summary Judgment, ECF No. 83. Given this procedural posture, the court denied without prejudice Hertz's motion, ordered the parties to meet and confer to discuss how this case should or should not go forward *(*i.e., whether Hertz may move for summary judgment against Mr. Martin as plaintiff even though Mr. Martin is arbitrating his claims in Costa Rica; whether the case should be staying pending the finalization of Mr. Martin's arbitration in Costa Rica; etc.), and set a case management conference for February 28, 2013 to discuss the matter. 1/30/2013 Order, ECF No. 97.

In the parties' joint case management conference statement, Mr. Martin argues that the court should stay the action until the Costa Rican arbitration is completed. *Id*. at 5. Hertz does not explicitly argue for or against a stay, but instead points out that the court has discretion to dismiss Mr. Martin's claims instead. *Id*. at 5-6. Hertz also sets forth three options, stating that: (1) if the court dismisses Mr. Martin's claims with prejudice, its motion for summary judgment is moot; (2) if the court dismisses Mr. Martin's claims without prejudice, it will withdraw its motion for summary judgment; and (3) if the court stays the action, it requests that its motion for summary judgment be stayed as well. *Id*. at 6. The court notes, however, that none of these options are viable because the court already denied without prejudice Hertz's motion for summary judgment, so there is no pending motion to stay, withdraw, or become moot. *See* 1/30/2013 Order, ECF No. 97 at 2.

Regardless, the court believes that the best course of action is to stay the action pending the completion of the Costa Rican arbitration. Under the Federal Arbitration Act, "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to

1 arbitration under an agreement in writing for such arbitration, the court in which such suit is
2 pending, upon being satisfied that the issue involved in such suit or proceeding is referable to
3 arbitration under such an agreement, shall on application of one of the parties stay the trial of the
4 action until such arbitration has been had in accordance with the terms of the agreement . . . ."  9
5 U.S.C. § 3.  The language of this section is "mandatory and it compels a court to stay litigation of
6 issues that are reserved for arbitration."  *Countrywide Home Loans v. Mortgage Guar. Ins. Co.*, No.
7 C 10-00233 JSW, 2011 WL 4948538, *2 (N.D. Cal. Oct. 18, 2011).  "Where some issues are subject
8 to arbitration and others are not, the trial court has the discretion to stay the balance of the
9 proceedings pending arbitration."  *Id*. (citing *Mediterranean Enter., Inc. v. Ssangyong Corp.*, 708
10 F.2d 1458, 1465 (9th Cir. 1983)).  Likewise, under California law a court must abstain from
11 proceeding on issues that are the subject of ongoing arbitration, but "if the issue which is the
12 controversy subject to arbitration is severable, the stay may be with respect to that issue only."  Cal.
13 Civ. Proc. Code § 1281.4.  Here, the only claims that remain are Mr. Martin's, and he must arbitrate
14 them in Costa Rica.  There are no other issues or claims to resolve in this court (once the parties
15 stipulate to dismiss Ms. Lucas's claims and Hertz's counterclaims).  When the arbitration in Costa
16 Rica has been completed, the parties shall notify the court within 30 days thereof.  Then, if
17 appropriate, the court will lift the stay and determine what to do next.  In the meantime, the court
18 will periodically require the parties to provide written status updates that inform the court about how
19 the arbitration is progressing.

20 Accordingly, for the foregoing reasons, the court **STAYS** this action pending the completion of
21 the arbitration in Costa Rica.  No later than May 30, 2013, the parties shall file a joint status update
22 that informs the court the court about how the arbitration is progressing.  In light of the stay, the
23 court **VACATES** the February 28, 2013 case management conference.

24 **IT IS SO ORDERED.**
25 Dated: February 25, 2013
26 _____
LAUREL BEELER
United States Magistrate Judge